17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles A. FORJONE, Plaintiff-Appellant,
v.
S.E. RYKOFF & COMPANY, Defendant-Appellee.
 No. 92-16562.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 14, 1994.
Decided Feb. 4, 1994.
 
 1
 Before: SCHROEDER and NOONAN, Circuit Judges, and JONES,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Charles A. Forjone appeals the district court's grant of summary judgment in favor of his former employer, S.E. Rykoff & Company (Rykoff). We affirm.
 
 
 4
 After being terminated from his position as maintenance supervisor, Forjone filed suit alleging that Rykoff violated Sec. 510 of the Employee Retirement Income Security Act (ERISA) and Sec. 12940 of the California Government Code by terminating his employment due to "his back condition, a physical handicap" in order to save the expense of ERISA benefits. The district court held that Forjone failed to produce evidence establishing an issue of material fact for trial on either claim.
 
 
 5
 A district court's grant of summary judgment is reviewed de novo. Federal Deposit Ins. Corp. v. O'Melveny & Myers, 969 F.2d 744, 747 (9th Cir.1992), cert. granted, 114 S.Ct. 543 14641 (1993). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 6
 Section 510 of ERISA[1] prevents an employer from arbitrarily discharging employees in order to keep them from obtaining vested pension rights. Dytrt v. Mountain State Tel. & Tel. Co., 921 F.2d 889, 896 (9th Cir.1990). "A claimant must show that employment was terminated because of a specific intent to interfere with ERISA rights in order to prevail under Sec. 510; no action lies where the alleged loss of rights is a mere consequence, as opposed to a motivating factor behind the termination." Id. Because Forjone has produced no evidence of a specific intent on the part of Rykoff to interfere with his ERISA rights, we affirm the district court's grant of summary judgment on Forjone's Sec. 510 claim.
 
 
 7
 California Government Code Sec. 12940(a)[2] makes it unlawful to discharge an employee because of a physical handicap. Forjone has produced no evidence that Rykoff terminated him because of his back condition, and we affirm the district court's grant of summary judgment on this claim as well.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Section 510 provides:
 It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan....
 29 U.S.C. Sec. 1140.
 
 
 [2]
 Section 12940(a) provides, in pertinent part: "It shall be an unlawful employment practice ... [f]or an employer, because of ... physical disability, ... to discharge the person from employment...."